### EISLER v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. October 28, 1895.)

STREET CARS—COLLISION WITH WAGON CROSSING TRACK.

In an action for injuries caused by defendant's electric car colliding with plaintiff's wagon, the motorman testified that plaintiff had attempted to drive across the track when the car was about 20 feet distant, moving at the usual rate of speed; and on cross-examination he stated, in answer to the question what is the greatest distance, and what is the shortest, within which a car could be stopped, "You can stop a car in fifteen feet or less." *Held*, that it was error to charge that there was no evidence which would warrant a finding that the car could have been stopped within 15 feet.

Appeal from trial term.

Action by Max Eisler against the Brooklyn Heights Railroad Company. From an order granting plaintiff's motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Morris & Whitehouse, for appellant.

M. Hallheimer, for respondent.

PER CURIAM. The learned counsel for defendant requested the court to charge the jury as follows: "I ask your honor to charge the jury, in view of this request, that there is no evidence in this case that would warrant them in finding that this car which collided with this wagon could have been stopped within fifteen feet." The court added, "at the speed it was going," and charged the request, and the plaintiff's counsel duly excepted. The motorman had testified that the plaintiff attempted to drive his horse and wagon across the track when the approaching car was about 20 feet off, and that the car was moving at the usual rate of speed. On cross-examination, he was asked: "Q. Within what distance can you stop your car? A. Well, there are different cars. You can stop in different distances. Q. What is the greatest distance, and what is the shortest distance? A. You can stop a car in fifteen feet or less." In view of the testimony of the motorman, we are of opinion that the charge before set forth was error, and that the learned trial judge properly granted a new trial. It is therefore not necessary to examine the other questions in the case.

Order granting new trial affirmed, with costs.